F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   MAR 15 2017   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JESSWILL PEREZ,

                      Plaintiff,

     -against-

JOSEPH PONTE, ET AL.,

                      Defendants.
-----------------------------------------------------------------X

ORDER
16-CV-645 (JFB)(AKT)

JOSEPH F. BIANCO, District Judge:

Before the Court is a Report and Recommendation ("R&R," ECF No. 40) from Magistrate Judge Tomlinson recommending that the Court grant defendants Michael Sposato's and Joseph Ponte's ("defendants") motions to dismiss (ECF Nos. 16, 20). The R&R instructed that any objections to the R&R be submitted within fourteen (14) days of service of the R&R. (*See* R&R, dated February 14, 2017, at 68.) Defendants served the R&R on plaintiff on February 21, 2017 (*see* ECF No. 43), and the date for filing any objections has accordingly since expired. Plaintiff has not filed any objections to the R&R. For the reasons set forth below, the Court adopts the thorough and well-reasoned R&R in its entirety, grants defendants' motion to dismiss plaintiff's claims, grants plaintiff's motion to amend his complaint, in part, and denies the motion to amend, in part. Specifically, plaintiff may amend his Complaint to: (1) substitute only Chief Turhan Gumusdere and Officers John Doe #1 and John Doe #2 as Defendants; and (2) assert claims of constitutional deprivations of his Fourteenth Amendment Due Process rights based upon his transfer from Riker's to Rockland as well as his failure-to-protect claim. Plaintiff shall file the amended complaint by April 24, 2017. Failure to file an amended complaint by that date may result in dismissal of the case with prejudice for failure to prosecute.

Where there are no objections, the Court may adopt the report and recommendation without

*de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(c) *and* Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). However, because the failure to file timely objections is not jurisdictional, a district judge may still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is nonjurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas*, 474 U.S. at 155)).

Although plaintiff has waived any objections to the R&R and thus *de novo* review is not required, the Court has conducted a *de novo* review of the R&R in an abundance of caution. Having conducted a review of the full record and the applicable law, and having reviewed the R&R *de novo*, the Court adopts the findings and recommendations contained in the well-reasoned and thorough R&R in their entirety. Accordingly, IT IS HEREBY ORDERED that defendants' motion to dismiss plaintiff's claims is granted. IT IS FURTHER ORDERED that plaintiff's motion to amend is granted, in part, and denied, in part, in accordance with Judge Tomlinson's R&R. In particular, plaintiff may amend his Complaint to: (1) substitute only Chief Turhan Gumusdere and Officers John Doe #1 and John Doe #2 as Defendants; and (2) assert claims of constitutional deprivations of his Fourteenth Amendment Due Process rights based upon his transfer from Riker's to Rockland as well as his failure-to-protect claim. Plaintiff shall file the

amended complaint by April 24, 2017. Failure to file an amended complaint by that date may result in dismissal of the case with prejudice for failure to prosecute.

SO ORDERED.

/s/ Joseph Bianco
Joseph F. Bianco
United States District Judge

Dated: March 15, 2017
Central Islip, New York